UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA J. BULAVINETZ,

                                 Plaintiff,

                                                                                 <u>DECISION AND ORDER</u>

                                                                                 08-CV-6253L

                 v.

MICHAEL ASTRUE,
Commissioner of the Social Security Administration,

                                 Defendant.
_____

Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

On April 30, 2003, plaintiff, then forty-seven years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work since September 1, 1999, due to, inter alia, arm and shoulder pain, arthritis, asthma, fibromyalgia, diverticulitis and depression. (T. 77-80). Her application was initially denied. (T. 34, 43-46). Plaintiff requested a hearing, which was held on April 25, 2006 before Administrative Law Judge ("ALJ") John P. Costello. (T. 1209-1248). The ALJ issued a decision on July 25, 2006, concluding that plaintiff was not disabled under the Social Security

Act. (T. 690-702). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 15, 2006. (T. 7-10).

Plaintiff subsequently obtained counsel and submitted additional medical evidence from her treating physicians and mental health counselor. As a result, a subsequent hearing was held before ALJ Costello on April 17, 2007, at which plaintiff and her counsel appeared. (T. 1249-1299). Upon a second consideration which included reviewing the additional medical evidence, ALJ Costello determined once again on July 11, 2007 that plaintiff was not disabled. (T. 17-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 11, 2008. (T. 10-12). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #7), and the Commissioner has cross moved (Dkt. #8) for summary judgment.

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If he concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does so, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits her to perform

relevant jobs she has done in the past, she is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986). *See also* 20 CFR §404.1560(c).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Costello issued a twelve-page determination of plaintiff's claim of disability, and his decision recites detailed findings of fact. Upon careful review of the complete record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ summarized plaintiff's medical records, particularly with respect to her injured right rotator cuff, low back pain, right knee pain, and bipolar disorder, which he determined constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports the ALJ's conclusion that plaintiff, then a fifty-one year old woman with a high school education and past employment as a babysitter, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including switchboard operator, telephone surveyor, lobby usher, mailroom clerk, and photo development machine operator.

### I. Plaintiff's Exertional Limitations

In determining plaintiff's RFC, the ALJ considered the medical record, which included treatment notes for diagnoses of, inter alia, depression, reactive airway disease (susceptibility to irritating vapors and smoke, resulting in asthma-like symptoms), injury to plaintiff's right rotator cuff, arthritis in plaintiff's right knee, and diverticulitis status-post sigmoid resection (digestive disease, surgically treated). Based on this evidence, the ALJ determined that plaintiff retained the residual functional capacity to perform light work, with the ability to lift 20 pounds occasionally and 10 pounds frequently, and to sit for 4 hours and stand for 4 hours during the workday, with the following additional limitations: low stress work defined as occasional

changes in the work setting, avoidance of concentrated or excessive exposure to pulmonary irritants such as dust, odors, fumes, and temperature and humidity extremes, and only occasional reaching overhead. (T. 23). I find that this determination is supported by the substantial evidence cited by the ALJ, and notably is even more conservative than the residual functional capacity evaluation completed by plaintiff's primary care physician, Dr. Brenda Perez. (T. 789-794).

Plaintiff, however, challenges the ALJ's assessment of her exertional limitations, arguing that the ALJ should have given controlling weight to the opinion of the orthopedist who treated her rotator cuff injury, Dr. Tomaino, that as of May 21, 2007 she was "really unable to use [her] right arm," and that this limitation would continue for at least another year, if not permanently. (T. 1186-1187).

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). *See* 20 C.F.R. § 404.1527(d)(2). In determining the weight to which a treating physician's opinion is entitled, the Commissioner must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence supporting the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is rendered by a specialist in a relevant field(s). 20 C.F.R. § 404.1527(d). Further, the ALJ must have clearly articulated his reasons for assigning the level of weight he assigns to a treating

physician's opinion. *Shaw*, 221 F.3d at 134; *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).

The ALJ rejected Dr. Tomaino's opinion on the grounds that it was unsupported by medical evidence in the record, and was inconsistent with the opinions of her other treating and examining physicians, particularly plaintiff's primary physician, Dr. Perez, who opined that plaintiff was capable of "frequently" lifting and carry ten or fewer pounds with both hands. (T. 757, 792). The ALJ also found Dr. Tomaino's opinion to be inconsistent with plaintiff's own reports of her physical activities, which included cooking, doing light housework, and sometimes using a cane with her right hand to relieve arthritis in her right knee. (T. 1223, 1183-1208). The ALJ observed that plaintiff utilized a cane during the hearing, holding it in her right hand and leaning on it with her right arm and shoulder – presumably an impossibility if her right arm was useless. While Dr. Tomaino is an orthopedic specialist and Dr. Perez is a generalist physician, Dr. Perez had treated plaintiff since 2003, while Dr. Tomaino had treated plaintiff for just over one year when he completed his RFC report. Balancing these factors, I find that the ALJ's rejection of Dr. Tomaino's opinion concerning plaintiff's ability to user her right arm was proper.

## II.     Plaintiff's Non-exertional Limitations

With respect to non-exertional limitations, the ALJ's finding that plaintiff's depression was not severe, and did not significantly limit her mental ability to perform basic work activities, is also well-supported. Plaintiff contends that the ALJ improperly rejected the October 18, 2006 assessment of Lynne Wheeler, her treating mental health counselor, that plaintiff had decreased energy, feelings of gilt and worthlessness, and other significant disturbances in mood, effect,

memory and the ability to sleep. (T. 796-803). Wheeler opined that these symptoms caused marked restrictions in daily living, concentration, persistence and pace, and one or two lengthy episodes of decompensation per year, which in turn could necessitate absence from work for more than four days per month. (T. 799). Plaintiff alleges that if the ALJ had credited Wheeler's opinion, he would have been compelled to conclude that her depression constitutes an affective disorder meeting the definition provided in Mental Disorders Listing 12.04. (T. 25, 789-803).

Initially, as plaintiff's mental health counselor, Wheeler is neither an "acceptable medical source" to establish plaintiff's impairments, nor a treating physician entitled to controlling weight. *See* 20 C.F.R. §416.913(a) (listing acceptable medical sources). *See also Esteves v. Barnhart*, 492 F. Supp. 2d 275, 281-282 (W.D.N.Y. 2007) (ALJ is under no obligation to weigh a mental health counselor's assessment in determining whether a claimant is disabled). Furthermore, even if it were entitled to controlling weight, Wheeler's opinion is based on a treatment history of only six months (T. 796), and is unsupported by any objective medical findings or opinions of plaintiff's treating and examining physicians. Wheeler's assessment of plaintiff's "marked restrictions" in activities of daily living is particularly inconsistent with her treatment records, wherein plaintiff consistently presented as well-groomed and in good spirits (T. 1176-1180), and with plaintiff's testimony that she daily cared for herself and a pet rabbit, cooked, performed light housework, and enjoyed going out to play Bingo, dine out with her boyfriend, watch movies, and listen to music at local restaurants and/or night clubs. (T. 1223, 1183-1208).

Overall, I find that the plaintiff's medical records and treating and examining physician reports simply do not support her claim of total disability. As such, I concur with the ALJ and

conclude that there is substantial evidence to support his determination of plaintiff's residual functional capacity. (T. 23). There is no dispute that the positions identified by vocational expert Jay Steinbrenner, at the plaintiff's hearing – switchboard operator, telephone surveyor, usher/lobby, mailroom clerk and photo development machine operator – are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's motion for summary judgment (Dkt. #7) is denied, and the Commissioner's cross motion for summary judgment (Dkt. #8) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 9, 2009.